UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SONNY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00381-JRS-DLP |
| | ) |
| JERRY SNYDER, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Sonny Davis, an inmate at Wabash Valley Correctional Facility, is proceeding against the defendants on claims relating to his placement in disciplinary restrictive status housing. He is proceeding on First Amendment retaliation claims and Eighth Amendment conditions of confinement claims.

The defendants have moved for partial summary judgment. They argue that Mr. Davis failed to exhaust his available administrative remedies on his retaliation claims before filing this lawsuit.[1] Mr. Davis has not filed a response, and the time to do so has passed. For the reasons explained below, the motion for partial summary judgment is **GRANTED**, and Mr. Davis' First Amendment claims are **DISMISSED without prejudice**.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed.

---

[1] The defendants also argue that Mr. Davis failed to exhaust Fourteenth Amendment due process claims alleging a lack of meaningful and periodic reviews of his placement in segregation. *See* dkt. 29, p. 14. Because Mr. Davis is not proceeding on a Fourteenth Amendment due process claim, the Court need not consider this argument. *See* dkt. 20 (Order on plaintiff's motion to amend screening order).

R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II.
## BACKGROUND

### A. Mr. Davis' claims

Restrictive status housing is a form of disciplinary segregation. Dkt. 28-8, para. 8. It is for prisoners who pose a security threat in general population. *Id.*

Mr. Davis has been in department-wide restrictive status housing since April 15, 2013. *Id.* at para. 10. He has been ordered to remain there until October 1, 2035. Dkt. 28-8, p. 1. He is proceeding in this lawsuit on the following claims: (1) Eighth Amendment claims alleging that his prolonged isolation in restrictive status housing has caused significant harm to his physical, emotional, and psychological well-being; (2) Eighth Amendment claims alleging that inmates in restrictive status housing are denied adequate nutrition and hygiene products; and (3) First Amendment retaliation claims alleging that he was placed in restrictive status housing for refusing to dismiss lawsuits against prison officials. Dkt. 20, p. 2.

### B. Offender grievance process

The Indiana Department of Correction (IDOC) maintains an offender grievance process. *See generally* dkt. 28-1 (Wellington affidavit). To successfully raise an issue through the grievance process, prisoners must submit a formal written grievance, followed by a facility-level appeal, followed by a department-level appeal. Dkt. 28-1, paras. 12, 23, 34, 47, 29.[2]

The offender grievance process is "the only administrative remedy officially recognized by the Department for grievable issues." Dkt. 28-2, p. 4; dkt. 28-3, p. 3; dkt. 28-4, p. 3; dkt. 28-5, pp. 2-3; dkt. 28-6, p. 3.

---

[2] The grievance process has been revised several times during Mr. Davis' time in restrictive status housing, but each version of the grievance process has this same basic structure.

The grievance process is unavailable for certain categories of prisoner complaints. "Classification actions or decisions, which include loss of a job, change in security level, facility transfers, and bed moves" may not be addressed through the grievance process. Dkt. 28-2, p. 6; dkt. 28-3, p. 4; dkt. 28-4, p. 4; dkt. 28-5, p. 3; dkt. 28-6, p. 4. "[A] separate classification appeals process is in place for this purpose." *Id.*

### C. Classification appeals process

The classification appeals process allows prisoners to appeal classification decisions, including decisions to place inmates in restrictive status housing. Dkt. 28-8, para. 14. Prisoners may use the classification appeals process to appeal their classification in department-wide restrictive status housing. *Id.* To do this, the prisoner must submit a written appeal to the IDOC Director of Classification. *Id.*; dkt. 28-15, pp. 10-11; dkt. 28-16, pp. 10-11; dkt. 28-17, pp. 10-11; dkt. 28-18, pp. 10-11. Appeals of interfacility transfers must also be submitted to the IDOC Director of Classification. *Id.* [3]

### D. Mr. Davis did not raise retaliation through the offender grievance process

Mr. Davis submitted four grievances regarding his placement in restrictive status housing. Dkt. 28-1, paras. 70-78; dkt. 28-7 (grievance records). None of these grievances mentioned retaliation. *Id.*

His first grievance (No. 103486) argued that his long-term placement in segregation was negatively impacting his physical, psychological, and emotional well-being—causing anxiety, depression, and auditory hallucinations. Dkt. 28-7, pp. 5-15. His second grievance (No. 103487) argued that inmates in restrictive status housing do not receive adequate nutrition. *Id.* at 26-27.

---

[3] Like the grievance process, the classification appeals process is occasionally revised. Dkt. 28-8, para. 14. But the basic structure of the classification appeals process has been the same during Mr. Davis' time in restrictive status housing. *Id.*

His third grievance (No. 103489) argued that inmates in restrictive status housing do not receive adequate hygiene products, specifically deodorant. *Id.* at 28. His fourth grievance (No. 103490) requested a television to dampen the sounds of his auditory hallucinations. *Id.* at 29.

### E.  Mr. Davis did not raise retaliation through the classification appeals process

Mr. Davis successfully submitted two classification appeals regarding his placement in restrictive status housing. Dkt. 28-8, pp. 64, 99 (classification records). Neither of these appeals mentioned retaliation. *Id.*

His first classification appeal argued that he was erroneously placed in a short-term segregation unit, thereby denying him certain privileges enjoyed by long-term segregation inmates. Dkt. 28-14, p. 99. His second classification appeal argued that he should be removed from restrictive status housing and reclassified in the ACT program. *Id.* at 64.

Mr. Davis submitted one other classification appeal, but that appeal was rejected without a decision on the merits. *Id.* at 62-63. Among other things, Mr. Davis claimed that he was classified to restrictive status housing in retaliation for filing lawsuits and that his transfer to another facility was inappropriate. *Id.* This appeal was rejected without a decision on the merits because it was not sent to the IDOC Director of Classification. *Id.* at 62-63; dkt. 28-16, pp. 10-11. The official who rejected this appeal informed Mr. Davis that, "[t]his was a Central Office decision. You may appeal to the Director of Classification at Central Office." Dkt. 28-14, p. 63. Mr. Davis did not file another classification appeal on this issue. *See generally* 28-14.

### III.
### DISCUSSION

#### A.  Exhaustion Standard

The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "No action shall be brought with respect to prison

5

conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006). Inmates do not need to raise claims with lawyerly precision or name specific parties in their administrative grievances, but the grievance must inform prison officials about the issue and give them a chance to take corrective action. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007).

### B. Mr. Davis did not exhaust his available administrative remedies

The defense argues that Mr. Davis failed to exhaust his available administrative remedies on his retaliation claims because he did not allege retaliation through the grievance process. Dkt. 29, p. 13. The Court agrees. There is no evidence that Mr. Davis alleged retaliation for filing lawsuits through the offender grievance process. To the extent that the classification appeals

6

process may have provided another avenue to raise this issue, the Court notes that Mr. Davis failed to successfully raise retaliation through the classification appeals process as well.

For these reasons, the defendants' motion for partial summary judgment is **GRANTED**, and Mr. Davis' retaliation claims are **DISMISSED without prejudice**.

## IV.
## CONCLUSION AND FURTHER PROCEEDINGS

The motion for partial summary judgment, dkt. [28], is **GRANTED**. Mr. Davis' First Amendment retaliation claims are **DISMISSED without prejudice**. The Court will issue a pretrial schedule for the resolution of Mr. Davis' remaining Eighth Amendment claims in due course.

**IT IS SO ORDERED**.

Date: 8/2/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SONNY DAVIS
128888
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov